# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS
### WESTERN DIVISION

CAPTAIN JAY BALEE, CAPTAIN JERRY BOUCHILLON, CAPTAIN PECHONE CHAMBERS, CAPTAIN JAMES CRAWFORD, CAPTAIN WILLIAM D. DAWKINS, CAPTAIN CLARK A. DUNLAP, CAPTAIN ROBERT C. GILL, CAPTAIN RICHARD A. GRANDERSON, CAPTAIN ROBERT GRAUE, CAPTAIN W. C. GREENWOOD, CAPTAIN JAMES D. HALL, CAPTAIN STEPHANIE HANSCOM, CAPTAIN JOSEPH HOING, CAPTAIN ELTON R. HYMON, CAPTAIN JAMES E. JOHNSTON, CAPTAIN ROY L. JONES, CAPTAIN CHRIS LUHRS, CAPTAIN PAUL MRUK, CAPTAIN PHIL NASON, CAPTAIN JAMES L. NICHOLS, CAPTAIN ALVIN PEPPERS, CAPTAIN RICK SANSOM, CAPTAIN OWEN SELBY, CAPTAIN LESLIE A. Z. SMITH, CAPTAIN DAVID F. STEVENS, CAPTAIN DANIEL TAYLOR, CAPTAIN MARVIN TOWNSEND, CAPTAIN CECIL WAGES, CAPTAIN ARTHUR J. WALTON, CAPTAIN JOHN L. WASHINGTON, CAPTAIN E. W. WHITE, CAPTAIN JOHN A. WILBURN, CAPTAIN SAMUEL WILLIAMS, AND CAPTAIN PHILLIP H. YOUNG, SR.

    Plaintiffs,

vs.                                                                                           No. _____
                                                                                                          JURY DEMANDED

CITY OF MEMPHIS, a municipal corporation,

    Defendant.

## COMPLAINT

       COME NOW the above-captioned Plaintiffs and file this Complaint for damages and other relief against the City of Memphis for acts of discrimination by the City of Memphis (hereinafter "Defendant") in violation of rights secured to the Plaintiffs, as hereinafter described. In support thereof, Plaintiffs would submit as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the Age Discrimination in Employment Act, 29 USC §§621-634; the Fourteenth Amendment of the Constitution of the United States; the Tennessee Constitution Article I § 8; Tenn. Code Ann. § 4-21-401 and § 4-21-306 (Tennessee Human Rights Act) for damages from violation of the provisions of the aforementioned Acts and Constitutions.  Jurisdiction is proper in this Court for the Federal causes under 28 USC §1331 and 1343 and for the state causes under Rule 18 of the Federal Rules of Civil Procedure and 28 USC §1367. Venue is proper under 28 USC §1391(c) because the Defendant is a municipal corporation doing business in this judicial district.

## THE PARTIES

2. Plaintiffs, and each of them individually, were at all times relevant hereto employees of Defendant's Police Department working at its various business locations in Memphis, Shelby County, Tennessee and are citizens of the United States of America.

3. Defendant is a municipal corporation duly organized and existing pursuant to the laws of the State of Tennessee and within the County of Shelby.

## FACTUAL ALLEGATIONS

4. Plaintiffs, and each of them, had prior to March, 2005 attained the rank of Captain within the Memphis Police Department, a division of Defendant. Plaintiffs, and each of them had attained this rank by virtue of a provision of the Charter of the City of Memphis which conferred the rank of Captain on those who completed thirty (30) years of service in the employment of Defendant. This Charter provision Section 67 conferred upon Plaintiffs rights as follows:

> Any fireman or policeman who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary emoluments and other privileges of said rank; and upon the

retirement of such fireman or policeman, he shall receive a pension as captain.

Automatic promotion to the rank of captain in either the fire service division or the police division as set out in the above paragraph shall not apply to any person employed by the city after the date of January 31, 1979.

5. At various times since the enactment of the Charter provision hereinabove described, Plaintiffs would show that Defendant has attempted to circumvent the legal obligations imposed upon the Defendant by this provision by various schemes, including but not limited to, creation of the "alternate ranks" of Commander and Major which carried the same rights and responsibilities of that of the position of Captain.

6. In the past, and upon challenge to its various schemes to circumvent the Charter, the Defendant has returned to its customs, policy, practice and procedure of promoting eligible employees such as Plaintiffs to the rank of Captain as mandated under the law.

7. In reliance upon the Charter provision and as a direct result of Defendant's custom, policy, practice and procedure from the time of the enactment of the Charter provision, Plaintiffs, and each of them, determined that as they approached thirty (30) years of service, they would not enter into and participate in the normal promotional process provided by the Defendant, which included and required devoting substantial off-duty and personal time for written and verbal testing.

8. Plaintiffs would show that Defendant did, in February 2005, unilaterally, arbitrarily, unlawfully, and in violation of the rights of the Plaintiffs abolished the rank of Captain.

9. Prior to March 2005 and the abolition of the "Thirty Year" Captain rank, the rank structure for the Memphis Police Department in ascending order was as follows:

Patrolman II, Sergeant, Lieutenant, Captain (as equivalent with Major), and Inspector, Deputy Chief, Deputy Director, and Director of Police Services.

Plaintiff would show that the rank of Lieutenant, Captain (Major), Inspector, Deputy Chief, Deputy Director, and Director of Police Services are supervisory and/or managerial positions and the ranks of Patrolman and Sergeant are non-supervisory and/or non-managerial and are so recognized and identified by the Defendant as part of a written

memorandum of understanding between the Defendant and the Memphis Police Association.

10. On or about March 23, 2005, the Defendant abolished the rank of Captain and either demoted or required the resignation of all ninety-two (92) of those Memphis Police Officers who held that rank.

11. At the time of the unlawful acts of the Defendant as aforesaid, the Defendant well knew that each and all of the Plaintiffs had been required to attain the age of eighteen (18) years prior to their employment with Defendant and that by virtue of thirty (30) years of service, each and all of the Plaintiffs fell within the protected class under the provisions of the Age Discrimination in Employment Act at 29 USC §631.

12. On or about June 14, 2005, and subsequent to the unlawful acts of the Defendant as aforesaid, the Defendant promoted ninety-four (94) employees from the rank of Sergeant to the rank of Lieutenant. This promotion filled all of the slots previously occupied by the Captains with the new Lieutenants. Plaintiffs would show that the average age of those promoted to Lieutenant was thirty-seven (37) years old.

13. On or about September 14, 2005, and subsequent to the unlawful acts of the Defendant as aforesaid, the Defendant promoted twelve (12) employees to the rank of Inspector.

## FIRST CAUSE OF ACTION

14. The allegations set forth in Paragraphs 1 through 13 above are incorporated herein by reference.

15. Defendant committed the above described actions and omissions regarding demotion or required resignation of Plaintiffs and discriminated against Plaintiffs based on their ages in direct violation of 29 USC §623, the Age Discrimination in Employment Act.

16. The direct and proximate result of Defendant's acts or omissions as set forth above was that Plaintiffs suffered lost wages, mental anguish, stress and loss of esteem in their own eyes and in the eyes of the other officers.

17. Defendant discriminated against Plaintiffs because of their age with respect to their compensation, terms, conditions and privileges of employment in direct violation of 29 USC §623(a)(1) by eliminating a rank that was only achievable by officers over forty (40) years of age.

18. Defendant intentionally discriminated against Plaintiffs in such a way that Defendant reduced the wage rate of Plaintiffs and Defendant directly violated 29 USC §623(a)(3) when it did so because of Plaintiff's age.

19. Defendant's eradication of the "Thirty Year" Captain rank had a disparate impact on any member of the Memphis City Police Department who had served over thirty (30) years and consequently had a disparate impact on every member of the Department over the age of forty (40).

20. Defendant's alleged economic concerns are a pretext for retaliation and discrimination as many of the demoted Thirty Year" Captains returned to their previous rank of Lieutenant which allowed for overtime pay, costing the Defendant more than if these individuals had remained as the rank of "Thirty Year" Captain, a rank which is excluded from overtime pay under the Fair Labor Standards Act, and therefore Defendant's alleged economic concerns do not constitute a reasonable factor other than age for eliminating the rank of "Thirty Year" Captain.

21. Plaintiffs pursued proper legal steps by first exhausting their remedies through administrative channels with a discrimination claim filed with the Equal Employment Opportunity Commission (EEOC); and further obtained right-to-sue letters from the EEOC authorizing pursuit of this matter in federal court.

22. Plaintiffs have properly filed this Complaint within the ninety (90) days allotted by the EEOC from the date of receipt of their letters of "Notice of Right to Sue".

## SECOND CAUSE OF ACTION

23. The allegations set forth in Paragraphs 1 through 22 above are incorporated herein by reference.

24. Defendant intentionally discriminated against Plaintiffs on the basis of age in violation of Tenn. Code Ann. § 4-21-401, the Tennessee Human Rights Act, when it

limited Plaintiffs' employment on the basis of age, in a way that adversely effected their employment status as "Thirty Year" Captains.

25. Defendant further violated the Tennessee Human Rights Act by discriminating against the Plaintiffs, and each of them, with respect to compensation, terms, conditions and privileges of their employment because of their age.

26. Defendant violated the aforementioned Act by limiting the Plaintiffs' employment in a way that deprived the Plaintiffs of employment opportunities and otherwise adversely affected the status of the Plaintiffs because of their age.

### THIRD CAUSE OF ACTION

27. The allegations set forth in Paragraphs 1 through 26 above are incorporated herein by reference.

28. Defendant further intentionally discriminated against Plaintiffs on the basis of age in violation of the Tennessee Constitution Article I § 8 when it deprived Plaintiffs of their property interest in maintaining the rank of "Thirty Year" Captain.

29. Defendant through its custom, policy, and procedure created an expectation in the Plaintiffs that they would achieve the rights, responsibilities, and benefits which came with the rank of "Thirty Year Captain" all without any promotional examination.

30. Defendant arbitrarily and unilaterally abolished the rank and took away the property interest that the Plaintiffs had relied upon over the years as they made career decisions of whether to follow an examination-based promotional path or wait and attain the "Thirty Year Captain" rank.

### FOURTH CAUSE OF ACTION

31. The allegations set forth in Paragraphs 1 through 30 above are incorporated herein by reference.

32. Defendant committed the above described actions and omissions regarding demotion or required resignation of Plaintiffs and directly violated the Plaintiffs' Due Process rights under the Fourteenth Amendment of the Constitution of the United States.

33. Defendant's actions and omissions in terminating Plaintiffs' rank as "Thirty Year Captains" involved an adjudication of an important right without affording Plaintiffs any opportunity to be heard.

34. Defendant's actions and omissions violated Plaintiffs' Due Process rights in that the outcome was a deprivation of that right to be heard where Defendant's administrative system allowed for no hearing or right of appeal.

## FIFTH CAUSE OF ACTION

35. The allegations set forth in Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendant committed the above described actions and omission regarding demotion or required resignation of Plaintiffs and directly violated the Plaintiffs' Equal Protection rights under the Fourteenth Amendment of the Constitution of the United States.

37. Plaintiffs are a class of persons over the age of forty (40) years of age who were each adversely affected because of their age because of personnel actions taken by the Defendant.

38. The conduct of the Defendant was not rationally or reasonably related to any legitimate government purpose.

39. The Plaintiffs represent a group of persons that is a distinct class over the age of forty (40) years, who have each given over thirty (30) years of service to the Defendant, and as such are capable of being singled out based on each one's term of service.

40. The actions and omissions committed by the Defendant which affect only those employees over a certain age, are subject to abuse by the Defendant.

41. The class of people represented by the Plaintiffs is the only class affected by the Defendant's unilateral decision to demote or force the resignation of specified Officers.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against Defendant for compensatory damages and punitive damages, together with costs, including reasonable attorney fees, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems appropriate and hereby demands a trial by jury of all issues so triable of right.

Respectfully submitted,

s/ Thomas E. Hansom_____
THOMAS E. HANSOM #8153
Attorney for Plaintiff
659 Freeman
Memphis, Tennessee 38122
(901) 327-4243


s/ Leigh H. Thomas_____
LEIGH H. THOMAS #24750
Attorney for Plaintiff
659 Freeman
Memphis, Tennessee 38122
(901) 327-4243